70 F.3d 113
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ivan R. VARNEY, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-1040.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 31, 1995.
Decided Nov. 14, 1995.
 
 Rose A. Cyrus, Huntington, West Virginia, for Appellant. Charlotte Hardnett, Chief Counsel, Region III, Lori Karimoto, Assistant Regional Counsel, Office of General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Rebecca Betts, United States Attorney, Carol A. Casto, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 Before MURNAGHAN, NIEMEYER, and MICHAEL, Circuit Judges.
 Affirmed by unpublished per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Ivan R. Varney appeals from the decision of the United States District Court for the Southern District of West Virginia, affirming the decision of the Secretary of Health and Human Services denying his application for Disability Insurance Benefits and Supplemental Security Income. The district court upheld the conclusion of the Secretary that Varney is not disabled within the Act's meaning because he is capable of performing a significant number of specific unskilled sedentary jobs in the national economy. We granted Varney's motion to submit the case on the briefs. After a review of the briefs, the appendix, and the administrative record, we affirm.
 
 
 2
 Varney filed his first applications for disability benefits in August 1985. The Secretary denied those applications at all four steps of the administrative review process. The Secretary issued the agency's final decision in June 1986. Varney then filed a civil action in the United States District Court for the Southern District of West Virginia requesting judicial review of the Secretary's final decision. The district court affirmed the Secretary's decision, and we affirmed.
 
 
 3
 Varney filed his current applications for disability and supplemental benefits in August 1991. Varney claimed that he had been unable to work since February 1983 due to black lung disease and back and neck injuries. Varney last met the Act's insured status requirements on June 30, 1989; thus, he must establish that he was disabled on or before that date to be entitled to benefits. 42 U.S.C.A. Sec. 423(a) (West Supp.1995); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.1972).
 
 
 4
 The state agency denied Varney's applications initially and on reconsideration. The Administrative Law Judge ("ALJ") held a hearing on October 20, 1992, at which Varney was represented by his attorney. Varney and a vocational expert testified at the hearing. The ALJ issued a decision unfavorable to Varney on November 30, 1992.
 
 
 5
 The Appeals Council denied Varney's request for review after considering additional evidence submitted by Varney. Thus, the ALJ's decision is the Secretary's final decision for judicial review purposes. Varney appealed to the District Court for the Southern District of West Virginia, and the magistrate judge recommended that the Secretary's decision be affirmed. Varney objected to the recommendation of the magistrate judge, and the district court reviewed the objections de novo. On November 10, 1994, the district court adopted the magistrate judge's recommendation. This appeal followed.
 
 
 6
 Our review of a final decision regarding disability benefits under the Social Security Act is highly deferential. It "is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990) (citing 42 U.S.C.A. Sec. 405(g) (West 1991 & Supp.1995), and Richardson v. Perales, 402 U.S. 389, 390 (1971)). Substantial evidence is that " 'a reasonable mind might accept as adequate to support a conclusion.' " Id. (quoting Perales, 402 U.S. at 401). It is less than a preponderance, but more than a mere scintilla of evidence. Id. (citations omitted).
 
 
 7
 Varney argues that the ALJ failed to consider all of his impairments in combination and that the ALJ did not sufficiently address his complaints of an emotional/mental impairment.
 
 
 8
 The ALJ found that although Varney had some evidence of nerve root impingement in the cervical spine, hypertension, esophageal reflux, and pneumoconiosis, he did not have an impairment or combination of impairments listed in or medically equal to one listed in the Social Security regulations. The ALJ also found that Varney was unable to perform his past relevant work as a heavy equipment operator, laborer, or rock drill operator. The ALJ evaluated Varney's subjective complaints of pain and concluded that he experiences mild to moderate pain. Notwithstanding Varney's exertional and nonexertional limitations, the ALJ concluded, based upon the testimony of the vocational expert who testified at the hearing, that a significant number of jobs exist in the national economy which Varney could perform.
 
 
 9
 The district court found that the ALJ had properly considered the evidence, and we agree. The district court properly noted that the record was devoid of a diagnosis from any physician that Varney is disabled for work. To the contrary, the record is replete with evidence from treating and non-treating physicians that while Varney has suffered some impairments, his overall condition is otherwise unremarkable. The district court also properly noted that the record contains almost no medical evidence between the time of the denial of Varney's first applications on June 12, 1986, and the summer of 1991, when he filed his current applications.
 
 
 10
 The district court properly found that the ALJ's decision was supported by the objective medical evidence of record. Specifically, the ALJ relied upon testimony of the vocational expert, Varney's subjective complaints of pain, Varney's statements about his daily activities, and the lack of evidence of any medical treatment for nearly five years. The medical records reveal that although Varney complained of neck and back pain in 1991 and 1992, doctors found no evidence of muscle spasms, soreness, unusual reflexes, or ruptured or herniated discs. Indeed, Varney's neurosurgeon advised Varney to wear a collar and back brace from time to time, "especially when in the midst of performing strenuous activities." Inasmuch as Varney's own neurosurgeon has suggested that he is capable of performing strenuous activities and no other objective medical evidence exists to the contrary, the district court properly found that substantial evidence supports the Secretary's finding that Varney is capable of performing a limited range of sedentary work. Thus, the district court properly dismissed Varney's contention that the ALJ failed to consider all of his impairments.
 
 
 11
 Moreover, the district court correctly found that the Secretary adequately considered the evidence surrounding Varney's complaints of an emotional/mental impairment. The only evidence before the ALJ suggesting a possible mental impairment was Varney's testimony in response to his attorney's question about whether he is nervous. Varney stated that he is nervous and becomes easily irritated with his family. Varney also stated, however, that he neither takes medication for his nerves nor receives treatment from a psychologist. The district court observed that "[t]his simply does not amount to objective medical evidence suggestive of a psychological impairment." We agree.
 
 
 12
 Further, the district court properly found a psychological evaluation performed by Dr. Wyatt on January 3, 1993, which Varney submitted to the Appeals Council along with his request for review, to be of minimal value. The evaluation diagnosed Varney with dysthymia, a mood disorder less severe than major depression. Dr. Wyatt concluded that the dysthymia resulted in Varney being twenty percent permanently partially disabled and unable to return to his past relevant work; he also opined that the dysthymia was present from 1983 or 1984. However, Dr. Wyatt was not Varney's treating physician. Rather, Varney's attorney referred Varney to Dr. Wyatt. Thus, his conclusion about the onset of Varney's dysthymia was not based upon objective medical evidence, but rather upon Varney's subjective complaints about his difficulties over the years. Thus, his opinion is not entitled to significant weight. Millner v. Schweiker, 725 F.2d 243, 245-46 (4th Cir.1984).
 
 
 13
 Because the record contains no objective medical evidence that assesses Varney's mental state prior to the ALJ's decision of November 30, 1992, the district court correctly found that the Appeals Council did not err in its determination that the psychological report did not necessitate a change in finding that Varney was not disabled.
 
 
 14
 In summary, there was substantial evidence to support the finding that Varney does not suffer from an impairment or combination of impairments that would entitle him to disability benefits. Accordingly, the judgment of the district court is affirmed.
 
 AFFIRMED